[PHILADELPHIA, APRIL 17th, 1837.]

## OTT *against* LYONS.

### IN ERROR.

The defendant being the obligor in five bonds given to A., each conditioned for the payment of $600 annually on the 1st of April in each year from 1818 to 1822, entered into an agreement with A. in 1822, in which it was recited that only a small part of the money had been paid, and that A. was willing to allow further time; and it was agreed that the defendant should pay $100 each year of principal, until the whole should be paid. In 1825 A. assigned two of the bonds to B., who in 1826 entered into an agreement with the defendant, in which it was recited that he (B.) had purchased the bonds, and had agreed "to stand by and fulfil the stipulations and conditions contained" in the former agreement, and the defendant agreed to pay, on the 1st of April following, $100, and so on yearly until the whole was paid. In an action on the two bonds assigned to B., it was *held* that the defendant could not give in evidence two of the bonds which had been paid by the defendant to A. before the agreement of 1826.

THIS was a writ of error to the Court of Common Pleas of Northampton county, to remove the record of an action of debt brought in that court to _____ term 1835, by Samuel Ott, assignee of Peter Ott, who was assignee of Andrew Whitesell, against Robert Lyons.

The plaintiff declared on two bonds, each dated the 26th day of February 1817, given by the defendant to Andrew Whitesell, and assigned by Whitesell, on the 22d of October 1825, to Peter Ott, and by Peter Ott, on the 2d of April 1835, to the plaintiff: the first bond for $600 payable on the 1st of April 1821; and the second for a like sum payable on the 1st of April 1822. The plea was payment, with leave, &c.

On the trial before Judge BANKS, on the ____ th of _____ 1836, the plaintiff gave in evidence the two bonds, upon each of which were endorsements of interest to the first of April 1834, and on the first bond two receipts for $100 each, on account of principal.

The defendant then gave in evidence an article of agreement between Andrew Whitesell and Robert Lyons, dated the 8th of February 1822, reciting Lyons's indebtedness to Whitesell by five bonds, each conditioned for the payment of $600 annually, on the 1st of April in each year, from 1818 to 1822, which were secured by a mortgage: that a small part only had been paid, and that Whitesell was willing to allow further time for payment of the principal sum on his fulfilling the agreements therein contained, viz.: That the

(Ott *v.* Lyons.)

said Robert should pay the said Andrew $100, immediately after the execution of said agreement, and $200 42 being something more than arrears of interest on the 1st day of April 1822, and the sum of $100 on account of the said principal, together with the interest on the whole principal sums on the first day of April in each succeeding year until the whole should be paid: and the said Whitesell agreed that if Lyons should make the payments of the said bonds and mortgage, he would wait for the payment thereof during the times aforesaid: and it was further agreed and understood that the said agreement was not to affect the security of the said mortgage or bonds, and in case the said Robert Lyons should fail to comply with the agreement, it should be at the option of the said Andrew Whitesell to consider the agreement void, and to proceed upon his bond and mortgage. The defendant also gave in evidence an agreement made on the 28th day of January 1826, between Peter Ott and Robert Lyons, as follows: "Whereas I, Peter Ott, having purchased from Andrew Whitesell the bonds and obligations against the within named Robert Lyons, and having and do hereby agree for myself, my heirs, &c. to stand by and fulfil the stipulations and conditions contained in the within memorandum—and it is now fully understood that the said Robert Lyons agrees to pay on the first of April next, $100 with the interest, and so on yearly, and every year $100 with the interest, until the whole obligations are paid." The defendant then gave in evidence one of the said bonds payable on the 1st of April 1820, for $600, which bond had been assigned to Peter Ott, and settled with him by the defendant. The defendant then offered in evidence two bonds, dated the 26th of February 1817, from Robert Lyons to Andrew Whitesell; the first payable on the 1st of April 1818, for $600, the second on the 1st of April 1819, for 600 dollars; which bonds had not been assigned to Peter Ott, but were paid by Lyons to Andrew Whitesell before the agreement of the 28th of January 1826.

To the admission of which two bonds with their endorsements in evidence, the plaintiff by his counsel objected.

1st. "Because in the notice of special matter given him by the defendant's counsel, there was no notice that these bonds would be offered in evidence.

(The notice of special matter referred to after stating the suit, proceeded as follows :—" Under the pleading in this case, the defendant will offer in evidence, on the trial thereof, an agreement, whereof the following is a copy; the covenants of which, he avers, have been kept by him." Then followed copies of the agreements above recited.)

2d. " Because the bonds offered in evidence were paid and settled before the agreement of the 28th of January 1826, and the defend-

ant could not show any thing that was done before that date, for the purpose of affecting said agreement or the bonds now in suit."

The court overruled the objections and admitted the evidence; and the plaintiff's counsel excepted to the decision.

A verdict having been given for the defendant upon the evidence, the plaintiff removed the cause to this court, and assigned for error the admission of the evidence.

Mr. *Hepburn,* for the plaintiff in error, argued that the agreement of 1826 governed the contract of the parties, and that agreement had reference only to the bonds purchased by the plaintiff. The bonds paid previously to 1826 were not admissible, therefore, in evidence.

Mr. *Ihrie,* for the defendant in error, contended, 1st, that the bonds were evidence under the plea of payment without notice; and if notice was necessary, that the rule of court in respect to it was complied with. *Snyder* v. *Bachman,* (8 *Serg. & Rawle,* 338.) *Barnes* v. *M'Clinton,* (3 *Penn. Rep.* 67.) *Lodge* v. *Simonton,* (2 *Penn. Rep.* 439.) 2d. That the plaintiff was bound by the agreement of 1822, which was referred to and affirmed by that of 1826. *Wheeler* v. *Hughes,* (1 *Dall.* 23.) *Davis* v. *Barr,* (9 *Serg. & Rawle,* 137.) *Frantz* v. *Brown,* (1 *Penn. Rep.* 257.)

The opinion of the Court was delivered by

ROGERS, J.—The admissibility of the evidence depends on the construction of the agreement of the 28th of January 1826. The counsel for the defendant in error, have treated it as a ratification, in all its parts, of the previous agreement between Whitesell and Lyons; but if this be so, it is not easy to perceive why the agreement of 1826 was made, for the assignment of itself worked no change in the rights and obligations of either party; they remain precisely as before the assignment. But the parties must have had something else in view, for the latter is not a ratification of the former, but a new and distinct agreement between the assignee and obligor, entered into after the assignment, containing a different stipulation by Lyons, without reference to the performance of the covenants contained in the first agreement. The former agreement is incorporated in the latter so far as respects the covenants of the obligor, but no further; the engagements of the obligor are entirely changed; and this seems to have been the reason, the assignee and obligor have entered into a new contract. The agreement of the 28th of January 1826 recites that Peter Ott had purchased from Andrew Whitesell, " the bonds and obligations of the within named Robert Lyons," referring to the bonds and obligations which remained unpaid, and not to those which had been cancelled by

(Ott *v.* Lyons.)

Whitesell before the assignment. Ott having, by the assignment of the 22d of October 1823, become owner of the bonds and mortgage, covenants that he will fulfil the conditions and stipulations contained in the former agreement, viz: that he will allow further time for payment; in consideration of which Lyons agrees that he will pay Ott, the assignee, on the 1st of April then next ensuing, one hundred dollars, with the interest on the whole sum, and so on yearly, and every year, one hundred dollars, with the interest, until the whole obligations are paid. It is further provided, that in case Lyons fail to comply with the agreement, it shall be at the option of the obligee to consider the agreement void, and to proceed upon the bonds and mortgage. The only mode, therefore, by which the defendant could defeat the action which was brought to enforce the payment of the whole amount, was by proof of the performance ·by him, of the last agreement, viz. by payment of one hundred dollars, on the 1st of April 1826, with the interest, and a payment of a like sum at each succeeding 1st of April, until the whole debt was paid. But the evidence does not tend ·to prove performance of the agreement between Ott and Lyons; it shows nothing further, than that Lyons had fulfilled the agreement between himself and Whitesell, with which the latter agreement has nothing to do, except so far as its stipulations are incorporated in the new contract. The evidence was therefore admitted, not only on erroneous principles, but misled the jury; for it is conceded, that without taking into the calculation the.payments which had been previously made to Whitesell, Lyons had failed to comply with the contract, and that it was at the pleasure of the plaintiff to consider the agreement void, and to proceed upon the bonds and mortgage.

This disposition of the principal part makes it unnecessary to decide whether the notice of special matter was sufficiently explicit. As this cause will go to another jury, it may be material for the counsel to inquire what, if any, was the consideration of the promise of the forbearance either in the first or second agreement.

Judgment reversed, and a *venire de novo* awarded.